FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL ANTONIO GAMEZ-GUILLEN, a.k.a. Raul Antonio Gamez Gutierrez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-73071 <br><br> Agency No. A098-717-948 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Raul Antonio Gamez-Guillen, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concluded this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KV/Research

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. The court reviews de novo

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except

to the extent that deference is owed to the BIA's determination of the governing

statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).

We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453

F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the

petition for review.

We reject Gamez-Guillen's claim that he is eligible for asylum and

withholding of removal based on his membership in a particular social group,

namely, persons who are targeted as informants against gangs. *See Soriano v.

Holder*, 569 F.3d 1162, 1166 (9th Cir. 2009) (rejecting as particular social group

"government informants"). Accordingly, because Gamez-Guillen failed to

demonstrate he fears persecution on account of a protected ground, his asylum and

withholding of removal claims fail. *See id*. at 1166-67.

Gamez-Guillen's contention that the agency denied his CAT claim based on

the wrong standard of proof is not supported by the record.

We lack jurisdiction to review Gamez-Guillen's due process contentions

because he did not exhaust these claims before the BIA. *See Barron v. Ashcroft*,

358 F.3d 674, 678 (9th Cir. 2004).  We also dismiss the petition for review as to

Gamez-Guillen's application for Temporary Protected Status because he failed to

raise any challenge to the denial of his application to the BIA.  *See id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**